UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:    CONSENT PRELIMINARY ORDER
      - v. -                                    OF FORFEITURE AS TO SPECIFIC
:    PROPERTY/
TIEN CHIH WANG,                          MONEY JUDGMENT
:
                 Defendant.                     S5 18 Cr. 882 (LTS)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 25, 2019, TIEN CHIH WANG (the "Defendant"), was charged in a four-count Superseding Information, S5 18 Cr. 882 (LTS) (the "Information"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2 (Count Two); violating the Travel Act, in violation of Title 18, United States Code, Sections 1952(a)(1), (a)(3), and 2 (Count Three); and making false statements, in violation of Title 18, United States Code, Sections 1001 and 2 (Count Four);

        WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses alleged in Counts One and Two of the Information, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts One and Two of the Information;

        WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal, which constitutes or is derived from proceeds traceable to the offense charged in

Count Three of the Information, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the offense charged in Count Three of the Information;

WHEREAS, on or about September 25, 2019, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(c) and Title 28, United States Code, Section 2461, of (i) a sum of money in United States currency representing all property involved in the offenses charged in Counts One and Two and all proceeds traceable to the offenses charged in Count Three; and (ii) all right, title and interest in $139,712 in United States currency seized on October 15, 2018 from the Defendant's residence in Flushing, NY (the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $900,000 in United States currency representing the property involved in the offense charged in Counts One and Two of the Information and the amount of proceeds traceable to and the property involved in the offense charged in Count Three of the Information that the Defendant personally obtained (the "Money Judgment");

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property involved in the offense charged in Counts One and Two of the Information and proceeds traceable to Counts Three of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offenses charged in Counts One and Two and proceeds

traceable to Count Three of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, the Defendant agrees to make payments in the amount of (a) $150,000 in United States currency to the United States in partial satisfaction of the Money Judgment immediately upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "First Payment"); and (b) $138,788 in United States currency to the United States in partial satisfaction of the Money Judgment by June 11, 2021 (the "Second Payment", together with the First Payment, the "Payments"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Thane Rehn of counsel, and the Defendant, and his counsel, Robert C. Gottlieb, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $900,000 in United States currency, representing the property involved in the offense charged in Counts One and Two of the Information and amount of proceeds traceable to the offense charged in Count Three of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. The Defendant shall make the First Payment to the Government upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment and the Second Payment on or before June 11, 2021, and the Government agrees to accept the Payments and the Specific Property upon entry of a Final Order of Forfeiture in full satisfaction of the Money Judgment.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, TIEN CHIH WANG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

6. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment. The Government agrees to accept the First Payment, the Second Payment, and the Specific Property as full satisfaction of the Money Judgment.

12. If for any reason the First Payment or Second Payment is not made as required, then pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____        4/8/2021
THANE REHN                                  DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212)637-2354

TIEN CHIH WANG

By: _____        4/8/21
TIEN CHIH WANG                              DATE

By: _____        4/8/25
ROBERT C. GOTTLIEB, ESQ.                    DATE
Attorney for Defendant
Gottlieb & Janey, LLP
Trinity Building
111 Broadway, Suite 701
New York, NY 10006

SO ORDERED:

_____             4/8/21
HONORABLE LAURA TAYLOR SWAIN                DATE
UNITED STATES DISTRICT JUDGE