UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                   No.    18-CR-882-LTS-6

TIEN CHIH WANG,

        Defendant.

------------------------------------------------------x

## Memorandum Opinion and Order

Mr. Wang has moved for early termination of his supervised release term. (Docket entry no. 262 (the "Motion").)  The Probation Office does not object to his request, and the Government takes no position.  The Court has reviewed Mr. Wang's submission carefully and, for the following reasons, Mr. Wang's Motion is granted.

## Background

On September 25, 2019, Mr. Wang pleaded guilty to a four-count superseding information charging him with conspiracy to commit money laundering (in violation of 18 U.S.C. section 1956(h)), money laundering (in violation of 18 U.S.C. sections 1956(a)(1)(A)(i) and 2), violation of the Travel Act (in violation of 18 U.S.C. sections 1952(a)(1), (a)(3), and 2), and making false statements (in violation of 18 U.S.C. sections 1001 and 2).  (Docket entry nos. 231, 233.)  This case stems predominantly from Mr. Wang's association with a network of businesses involved in the unlawful commercial sex industry in Manhattan.  Mr. Wang assisted

with the online advertising and promotion of commercial sex services for these businesses. (Docket entry no. 231.)

The Court sentenced Mr. Wang to time served in April of 2021, to be followed by a three-year term of supervised release, and imposed a fine of $50,000.  (Docket entry no. 235.) Mr. Wang was also subject to a $900,000 forfeiture obligation, and, as a special condition of supervised release, was required to complete 80 hours of community service for each year of his term, for a total of 240 hours.  (Id.)  The Court thereafter modified the conditions of Mr. Wang's supervised release on three separate occasions, allowing Mr. Wang to travel domestically with no restrictions, and twice allowing Mr. Wang to travel to Taiwan to visit his ailing mother. (Docket entry nos. 237, 242, 260).

Mr. Wang filed the instant Motion on October 17, 2023.  There are approximately six months of Mr. Wang's term of supervised release remaining.

DISCUSSION

Pursuant to 18 U.S.C. section 3583, the Court may, after considering the factors set forth in section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C.A. § 3583(e)(1) (Westlaw through P.L. 118-19).  The Guide to Judiciary Policy likewise recognizes that the Court may terminate "terms of supervised release . . . in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice."  Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(a)(2).

Early termination is not, however, "warranted as a matter of course," and

decisions regarding termination and modification are within the discretion of the district court.

United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (citation omitted); accord

United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); see also United States v. Parisi, 821

F.3d 343, 347 (2d Cir. 2016) (citation omitted).  New or changed circumstances relating to the

defendant, such as "exceptionally good behavior," are not necessarily required in order to

terminate or modify the conditions of supervised release, but "[o]ccasionally . . . will render a

previously imposed term or condition of release either too harsh or inappropriately tailored to

serve the general punishment goals of section 3553(a)."  Lussier, 104 F.3d at 36; Parisi, 821 F.3d

at 347-48 (citations omitted) (interpreting the "plain language" of the decision in United States v.

Lussier).

Mr. Wang cites three primary considerations in support of his Motion: his good

behavior and compliance with the terms of his sentence and his conditions of supervised release,

his inability to bid on "certain government contract jobs for software engineers and computer

scientists" due to his supervision status, and his desire to visit his mother freely in light of her

poor health.  (See Motion at 1-2).  The Probation Office does not object to the requested relief,

and confirms that Mr. Wang has satisfied the conditions of his supervised release, was assigned

to the "low intensity unit" for supervision, and has otherwise been compliant while under

supervision.  The Government takes no position on Mr. Wang's Motion.

Having considered the factors set forth in both 18 U.S.C. section 3553(a), and the

Guide to Judiciary Policy, Volume 8E, Chapter 3, section 360.20, the Court concludes that early

termination is in the interest of justice because Mr. Wang has demonstrated "exceptionally good

behavior" since he began his term of supervised release, and because there are additional new

and unforeseen circumstances rendering the previously imposed term "too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36; see also Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(c) (noting there is a "presumption in favor of recommending early termination" for individuals under supervision who have served 18 or more months under supervision and who meet a set list of criteria indicating low risk of recidivism and danger).

Although the nature of Mr. Wang's offense was serious, Mr. Wang, who is nearly 50 years old, has no other criminal history. He accepted full responsibility for his actions, and has shown himself to be committed and eager to fulfill the terms of his sentence and conditions of supervised release, having satisfied his sizable financial obligations and completed his community service well ahead of deadlines set by this Court. Mr. Wang has also been fully compliant with the remaining conditions of his release for the past two and a half years. In recognition of Mr. Wang's low risk of recidivism, the Probation Office has placed Mr. Wang on the "low intensity unit" for supervision.

As to the additional circumstances cited by Mr. Wang in support of early termination, there is insufficient detail on the face of Mr. Wang's Motion to enable the Court to determine the extent to which supervised release meaningfully hinders his ability to enter into certain government contracts. See, e.g., United States v. Rasco, No. 88-CR-817-CSH, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000) ("Defendant does not explain why any disclosure that he is presently on supervised release is more harmful to his chances for prospective employment than the disclosure that he is a convicted felon[.]")

However, the Court is persuaded that the need to freely travel overseas to visit his ailing mother, whose health has declined since the imposition of the Court's sentence, is the kind

of "new or unforeseen circumstance" that weighs in favor of the relief requested.  See, e.g.,
United States v. Simels, No. 08-CR-640-PKC, 2023 WL 4599839, at *4 (E.D.N.Y. July 18,
2023).  The Court modified Mr. Wang's conditions of supervised release on two prior occasions
to allow him to visit his mother in Taiwan, in September 2021, when Mr. Wang informed the
Court that his mother had recently suffered serious injury in an accident, leading to an extended
hospital stay, and in May 2023, when Mr. Wang sought to visit his mother with his two sons in
light of her "failing health."  (See docket entry nos. 242, 260).  In the instant Motion, Mr. Wang
informs the Court that his mother is in "fading health," and that she suffers from additional
serious medical conditions.  (Motion at 2.)  He seeks early termination to allow him to visit her
freely while he is able, and to travel on short notice, should her health decline further.  (Id.)
These circumstances were not known to the Court when it sentenced Mr. Wang in 2021.

In short, having considered the applicable section 3553(a) factors, the Guide to
Judiciary Policy, Mr. Wang's conduct under supervision, and the changed circumstances that
were proffered by Mr. Wang in his Motion, the Court finds that early termination is "warranted
by the conduct" of Mr. Wang and is in "the interest of justice."  See 18 U.S.C.A. § 3583(e)(1)
(Westlaw through P.L. 118-19).

## CONCLUSION

For the reasons set forth above, Mr. Wang's motion for early termination is
granted, effective immediately.  Because the Court is modifying the terms of Mr. Wang's
supervised release in his favor, the Court is not required to hold a hearing.  FED. R. CRIM. P.
32.1(c)(2)(B) ("A hearing is not required if . . . the relief sought is favorable to the person and
does not extend the term of probation or of supervised release[.]"); see also 18 U.S.C.A. §

3583(e)(1) (Westlaw through P.L. 118-19) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation").

   This Memorandum Opinion and Order resolves docket entry no. 262.


  SO ORDERED.

Dated: October 25, 2023
   New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge